# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CREIGHTON SAINT JOSEPH REGIONAL HEALTHCARE, LLC d/b/a SAINT JOSEPH HOSPITAL – CREIGHTON UNIVERSITY MEDICAL CENTER, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 8:07CV113 |
| vs. | ) ) | ORDER |
| LAKELAND ENGINEERING EQUIPMENT COMPANY and LAKELAND ENGINEERING EQUIPMENT COMPANY EMPLOYEE BENEFIT PLAN, | ) ) ) ) ) | |
| Defendants. | ) | |

    This matter is before the court on the plaintiff's Motions to compel discovery and for sanctions (Filings 14 & 25). The plaintiff has complied with Fed. R. Civ. P. 37(a)(2) and NECivR 7.1(i)[1]. Considering the parties' written submissions, the court finds that the motions should be granted.

    **A.   Initial Disclosures**

    In the first motion, Filing No. 14, plaintiff challenges the adequacy of the defendants' Rule 26(a)(1) initial disclosures and alleges that the defendants wrongfully objected to interrogatories that addressed the omitted information.

    The initial disclosures served by the defendants on August 10, 2007, identified 15 individuals "likely to have discoverable information" but failed to identify the subjects of the information as required by Rule 26(a)(1)(A). The defendants also identified 17 relevant documents, but failed to produce copies of the documents or, in the alternative, describe the documents by category and location as required by Rule 26(a)(1)(B). After several requests,

---

[1]These rules require the moving party to make a good faith effort to obtain the disclosure or discovery without court action.

the defendants did not supplement their initial disclosures, prompting plaintiff to file its Motion to Compel on September 25, 2007.

Defendants did not timely respond to the motion, but did serve supplemental disclosures on September 28, 2007. By letter dated October 3, 2007, plaintiff's counsel acknowledged receipt of the supplemental disclosures.

After a planning conference held on October 22, 2007, defendants filed a response (Filing 28) to this motion.  Apparently, defendants take the position that the motion to compel should be deemed withdrawn or declared moot because plaintiff's counsel acknowledged receiving the supplemental disclosures, indicated that the supplemental disclosures provided the information that the defendants should have disclosed last August, and made no further mention of the pending discovery motion until the October 22 planning conference.

The defendants' position is not well founded.  Under Fed. R. Civ. P. 37(a)(4)(A), the plaintiff is entitled to an award of expenses and sanctions "if the motion is granted or if the disclosure or requested discovery is provided after the motion was filed" unless the defendants' nondisclosure was substantially justified or other circumstances make an award of expenses unjust.

In this instance, the defendants' initial disclosures clearly did not comply with the requirements of Rule 26(a)(1), and the defendants did not supplement the disclosures until after plaintiff filed its Motion to Compel.  The defendants' nondisclosure was not substantially justified.  The court, therefore, finds that the Motion to Compel should be granted.

### B.   Requests for Production of Documents

Plaintiff's second Motion to Compel (Filing 25) addresses the defendants' failure or refusal to produce the documents they identified in their Rule 26(a)(1) initial disclosures. Due to the defendants' failure to provide discovery pursuant to Rule 26(a)(1), plaintiff served a First Set of Requests for Production of Documents on August 20, 2007 seeking, *inter alia*, the production of specific documents identified in the defendants' initial disclosures.  The Motion to Compel is directed to these particular documents.

Remarkably, the defendant served a boilerplate general objection to the document requests "in their entirety for the reason that the First Set of Requests for Production of Documents is unreasonably burdensome, oppressive, cumulative and expensive, and is

designed to annoy and burden the Defendants, and the burden or expense of the proposed discovery outweighs its likely benefit." Plaintiff filed this motion to compel on October 17, 2007.

Apparently, defendants produced some responsive documents on or about October 31, 2007 and now argue that the motion to compel should be denied. Plaintiff's reply brief, however, identifies many deficiencies in the documents produced and advises that the defendants did not provide specific responses to plaintiff's requests, making it impossible to determine which requests have actually been answered.

Considering the defendants' general objection based on oppressiveness or undue burden,

> "All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id.* "The party resisting discovery must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (citations omitted).
>
> The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. *See Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. *See id.* It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant. *Burnett v. Western Res. Inc.*, CIV. A. No. 95-2145-EEO, 1996 WL 134830, *4 (D. Kan. Mar. 21, 1996). If the discovery sought appears relevant, the opposing party

bears the burden of specifically showing how each discovery request is irrelevant. *Id.* However, a threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993).

*Miller v. Kellogg USA, Inc.*, 2006 WL 468315, Case No. 8:04CV500, Filing No. 77 (D. Neb., May 3, 2006).

Considering these principles, the court finds that the discovery sought by the plaintiff appears relevant on its face, and that the defendants have completely failed to show any facts justifying their boilerplate general objection. In any event, a general objection was not permitted under Fed. R. Civ. P. 34(b). The response to a request for production of documents "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, ... stating the reasons for the objection. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." *Id.* Because the defendants have failed to serve any specific objection to any of the requests, their objections are hereby deemed waived.

The defendants did not supplement their responses until after plaintiff filed its Motion to Compel. The court finds that defendants' nondisclosure was not substantially justified and that the Motion to Compel should be granted.

The defendants are hereby ordered to produce all responsive documents that are in their custody or control. In this regard, defendants are cautioned that, under Fed. R. Civ. P. 34, the documents must either (a) be produced as they are kept in the usual course of business or (b) be organized and labeled to correspond with the categories in the requests. The responses must allow the requesting party to readily determine which documents are responsive to which requests. The producing party need not actually copy the documents for the requesting party, but need only make the documents available for inspection and copying at an appropriate time and place. If the information sought is confidential, the parties may agree on the terms of a protective order, or the court may enter a protective order pursuant to Rule 26(c) upon an appropriate motion by a party or producing entity.

**ORDER**

**IT IS ORDERED** that plaintiff's Motions to Compel and for Sanctions (Filings 14 & 25) are granted, as follows:

     1.    Defendants shall, no later than **November 30, 2007**, serve supplemental responses to plaintiff's Document Requests Nos. 1, 3, 4, 5, 6, 8, 10, 11, 12, 13, 16, 17, 18, 19, 20 and 21, either producing the documents as requested or verifying by affidavit, after conducting a diligent search, that the documents do not exist or are not in the defendants' custody or control. The supplemental responses shall comply with all the requirements of Fed. R. Civ. P. 34(b). If the defendants fail to comply with this order, they will be subject to evidentiary sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(B).

     2.    Pursuant to Fed. R. Civ. P. 37, plaintiff is entitled to an award of attorney's fees and costs in bring both of its Motions to Compel. The parties shall be heard on the matter of fees and costs as follows:

     a.    Plaintiff is given until and including **December 14, 2007** to electronically file a "Motion for Attorney's Fees and Costs," together with an Affidavit or Evidence Index attesting to the time and expenses incurred in bringing the motions.

     b.    Defendants are given until and including **January 7, 2008** to serve and file a response, if any, to plaintiff's motion for attorney's fees and costs.

     c.    Pursuant to NECivR 7.1(c), plaintiff may file a reply brief and index of evidence no later than five (5) business days after defendants file and serve the opposing brief. The matter of fees and costs will be deemed submitted at the expiration of this briefing schedule.

**DATED November 13, 2007.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**