# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CREIGHTON SAINT JOSEPH REGIONAL HEALTHCARE, LLC d/b/a SAINT JOSEPH HOSPITAL – CREIGHTON UNIVERSITY MEDICAL CENTER,** ) ) ) ) ) **Plaintiff,** ) ) vs. ) ) **LAKELAND ENGINEERING EQUIPMENT COMPANY, LAKELAND ENGINEERING EQUIPMENT COMPANY EMPLOYEE MEDICAL PLAN, and PREFERREDONE ADMINISTRATIVE SERVICES,** ) ) ) ) ) ) ) **Defendants.** ) | **8:07CV113**<br><br>**SCHEDULING ORDER** |

  This matter is assigned to the magistrate judge for full pretrial supervision. Plaintiff's Amended Complaint alleges that it is a Nebraska limited liability corporation; Lakeland Engineering Equipment Company ("Lakeland") is a Minnesota corporation; the Lakeland Engineering Equipment Company Employee Medical Plan ("Lakeland Plan") is an employee welfare benefit plan organized and administered under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, as amended ("ERISA"); and PreferredOne Administrative Services, Inc. ("PAS") is a Minnesota corporation. On April 17, 2008, in response to Judge Smith Camp's April 14, 2008 order, the plaintiff filed a "Supplementary Statement of Jurisdiction" [74] advising that its members are Nebraska corporations with their principal places of business in Nebraska.

  In their Answers ([64] & [65]) filed on March 14, 2008, all the defendants admitted the plaintiff's jurisdictional allegations. On April 22, 2008, however, the court received a letter from defense counsel advising that Judge Smith Camp's order prompted them to check their clients' corporate citizenship. They discovered that Lakeland was not a Minnesota corporation as alleged in the Amended Complaint, but is a Nebraska corporation, and there is no diversity jurisdiction in this case. *See* 28 U.S.C. § 1332. The defendants have not filed any motion to dismiss.

  It is true that the operative Amended Complaint [52] asserts only state law claims for breach of contract; however, in the parties' second report of planning conference [72],

plaintiff advised that it wished to add a claim for civil enforcement under ERISA § 502(a)(1)(B). Over the defendants' objections, all parties have been given until May 9, 2008 to file amended pleadings. *See* Order [73]. The addition of an ERISA claim would allow the court to exercise federal question jurisdiction over the ERISA claim, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims, *see* 28 U.S.C. § 1367.

Based on these developments, the court will take no further substantive actions in this case unless and until the plaintiff files a Second Amended Complaint containing allegations sufficient to demonstrate that this court has subject matter jurisdiction. If plaintiff fails to do so before the close of business on **May 9, 2008**, I will recommend that this case be dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED April 25, 2008.**

                                          **BY THE COURT:**

                                          **s/ F.A. Gossett**
                                          **United States Magistrate Judge**